# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| STEVEN QUINN, | : | |
| Petitioner, | : | Case No. 3:04CV081 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| PATRICK HURLEY, Warden, | : | |
| Ross Correctional Institution, | | |
| | : | |
| Respondent. | | |
| | : | |

# REPORT AND RECOMMENDATIONS[1]

## I.  BACKGROUND

Petitioner Steven Quinn, an inmate at the Ross Correctional Institution in Chillicothe, Ohio, brings this case *pro se* seeking a writ of habeas corpus under 28 U.S.C. §2254.  This matter is before the Court upon Quinn's Petition and supporting documents (Doc. #2), Respondent's Return of Writ (Doc. #5), and the record as a whole.

In February 2001 a Grand Jury in Darke County, Ohio indicted Quinn on four counts of rape, one count of kidnapping, and one count of felonious assault.  (Doc. #5, Exhibit 1).  Each count of the indictment carried a specification designating Quinn as a sexually violent predator. *Id*.  The prosecution later moved to amend the indictment to remove the sexual-predator specifications, because Quinn had not been previously convicted of, or pled guilty to, a sexually

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

violent offense.  (Doc. #5, Exh. 2).

On November 28, 2001, Quinn, who was represented by counsel, pled guilty to three offenses:  one count of rape, one count of kidnapping, and one count of felonious assault.  (Doc. #5, Exh. 3).  As part of his written plea agreement, Quinn acknowledged, "The Defendant will be adjudicated to be a sexual predator as defined in section 2950.01 of the Ohio Revised Code."  (Doc. #5, Exh. 3 at 2).

In January 2001 the trial court accepted Quinn's guilty pleas and sentenced him to a 10-year term of imprisonment on the rape conviction, a 10-year term of imprisonment on the kidnapping conviction, and an 8-year term of imprisonment on the felonious assault conviction.  The trial court directed Quinn to serve each sentence consecutively, resulting in a total sentence of 28 years of imprisonment.  (Doc. #5, Exh. 5, 6).  Significantly, the trial court also held that Quinn "shall be classified as a 'sexual predator' and shall be required to comply with the mandates and provisions of Chapter 2950 of the Ohio Revised Code."  (Doc. #5, Exh. 6 at 3).

Quinn, through counsel, filed a direct appeal in the Ohio Court of Appeals raising the following Assignments of Error:

   I.     [QUINN] WAS NOT GIVEN THE BENEFIT OF A FULL HEARING
          ON HIS CLASSIFICATION AS A SEXUAL PREDATOR PURSUANT
          TO [Ohio Rev. Code §] 2950.09....

   I [sic]. THE COURT IMPROPERLY CONCLUDED DURING SENTENCING
          THAT THERE WAS A RELATIONSHIP BETWEEN THE VICTIM
          AND THE DEFENDANT PURSUANT TO [Ohio Rev. Code §]
          2929.12(B)(6) WHEN THERE WAS NO EVIDENCE IN THE RECORD
          OF SUCH A RELATIONSHIP....

                          ISSUE PRESENTED FOR REVIEW

   I.     DOES THE COURT [ERR] IN FINDING THE DEFENDANT TO BE A
          PREDATOR PURSUANT TO [Ohio Rev. Code] CHAPTER 2950 IF NO

>    EVIDENCE IS PRESENTED AT [THE] HEARING TO DETERMINE
>    THE DEFENDANT'S STATUS.
>    ASSIGNMENT OF ERROR #. ONE.
>
> II. DOES THE COURT ERR IN CONSIDERING A RELATIONSHIP
>    BETWEEN THE DEFENDANT AND VICTIM AS A SENTENCING
>    FACTOR WHEN THERE IS NO EVIDENCE IN THE RECORD TO
>    SUGGEST THAT THERE WAS IN FACT ANY RELATIONSHIP.
>    ASSIGNMENT OF ERROR #. TWO.

(Doc. #5, Exh. 7 at 4).  Quinn asked the Ohio Court of Appeals to vacate his classification as a sexual predator and to remand his case to the trial court for further hearing and resentencing.  *Id*. at 9.  Quinn's Brief did not specifically raise a violation of the United States Constitution and did not cite any United States Supreme Court case or any federal case.  *See* Doc. #5, Exh. 7.

On October 11, 2002, the Ohio Court of Appeals rejected Quinn's Assignments of Error on the merits.  (Doc. #5, Exh. 9).

In December 2002 Quinn filed a *pro se* Motion for Leave to File Delayed Appeal in the Ohio Supreme Court.  Quinn's Motion and supporting documents did not specifically raise a violation of the United States Constitution and did not cite any United States Supreme Court case or any federal case.  *See* Doc. #5, Exh. 11.  On January 29, 2003, the Ohio Supreme Court denied Quinn's Motion for Delayed Appeal without explanation.  (Doc. #5, Exh. 12).

On March 17, 2004, Quinn filed the instant habeas corpus case raising the following ground for relief:

> Ground One:    Petitioner states that [Ohio Rev. Code] Chapter 2950
>                violates various provisions of the United States and Ohio
>                Constitution[s].

(Doc. #2 at 5).  Quinn explains in his Petition that Ohio Rev. Code Chapter 2950 violates the procedural protections, as well as the protections to his liberty and privacy interests, provided by

the Due Process Clause of the Fourteenth Amendment to the United States Constitution and similar provisions of the Ohio Constitution. Quinn's Petition also claims that Ohio Rev. Code Chapter 2950 violates his rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and a similar provision of the Ohio Constitution as well as his rights under the Cruel and Unusual Punishment Clause of the Eighth Amendment to the United States Constitution and similar a provision of the Ohio Constitution.

## II. DISCUSSION

Respondent contends that this claim fails because Quinn's challenge to the constitutionality of Ohio Rev. Code Chapter 2950 concerns the process by which the trial court classified him a sexual predator and that "the only relief he seeks is to be relieved of that moniker." (Doc. #5 at 9). Respondent reasons, relying in part on *Thomas v. Morgan*, 109 F. Supp.2d 763 (N.D. Ohio 2000), that the classification as a sexual predator under Chapter 2950 of the Ohio Revised Code did not place Quinn "in custody" for purposes of federal habeas review, and consequently, his Petition does not to satisfy the "in custody" requirement of 28 U.S.C. §2254(a). *Id.* at 6-9.

More importantly, the *Thomas* case was followed by the Sixth Circuit decision in *Leslie v. Randle*, 296 F. 3d 518 (6th Cir 2002). In *Leslie*, the petitioner challenged the constitutionality of Ohio's sexual predator statute, Ohio Rev. Code Chapter 2950. The Court found that the petitioner had not satisfied the "in custody" requirement for purposes of 28 U.S.C.§ 2254 even though he was physically incarcerated where he was not seeking relief from his conviction or sentence. The Court concluded that Leslie's habeas corpus petition was properly dismissed by the district court.

The issue presented in the instant case is virtually identical to that presented in *Leslie*. This precedent mandates the conclusion that Petitioner has not satisfied the "in custody" requirement for purposes of the federal habeas corpus review.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner, Steven Quinn's Petition for Writ of Habeas Corpus (Doc. # 2) be DENIED and DISMISSED;

2. A certificate of appealability under 28 U.S.C. § 2253 (c) not issue; and,

3. This case be terminated on the docket of this Court.

May 26, 2005

    s/ Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).